IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

    Plaintiff,

v.                                                                                                                     No. 1:23-cv-00303-LF

COMPA INDUSTRIES INC.,
STRATIFY LLC,
EDNA LOUISA LOPEZ,
DANIEL ANTHONY JENSEN LOPEZ,
KAREN MONTY,
BRYANT BINGHAM,
ASHLEY CHENOT,
ALLEGRA HANSON, and
ARMANDO RENE LOPEZ,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
ORDER TO SHOW CAUSE AND FOR AMENDED COMPLAINT**

    **THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Employment Discrimination, Doc. 1, filed April 7, 2023 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 7, 2023.

**Application to Proceed *in forma pauperis***

    The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $0.00; (ii) Plaintiff's monthly expenses total $2,730.00; and (iii) Plaintiff has $80.00 in cash and $266.00 in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because he has no income.

**The Complaint**

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964 for race, religion and national origin discrimination, for disability discrimination pursuant to the Americans with Disabilities Act of 1990 ("ADA"), for retaliation, for violation of federal statutes including criminal statutes, and for state-law torts. Those claims arise from events occurring from 1985 through 2023. *See* Complaint at 9-33.

<u>Defendant Designations and Exhibits</u>

Throughout the 37-page Complaint, Plaintiff refers to Defendants by number instead of by their name. *See, for example*, Complaint at 9 (referring to "Defendant no[.] 9" and "Defendant no. 3"). The Court is ordering Plaintiff to file an amended complaint. The amended complaint must refer to each Defendant by their name and not by a number.

Plaintiff attached numerous pages of exhibits to his Complaint including a "Charge of Discrimination." *See* Complaint at 42. The Court will not review the exhibits to determine whether Plaintiff has claims against Defendants. *See Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant").

Statute of Limitations

It appears that many of Plaintiff's state-law claims are barred by the statutes of limitations because they are based on conduct that occurred prior to April 2020. *See* N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"). The Complaint does not contain factual allegations showing that Plaintiff timely filed his discrimination charges pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the ADA. *See* 42 U.S.C. § 2000e-5 (discussing time for filing charges for unlawful employment practices pursuant to Title VII); 42 U.S.C. § 2000e-5 (Title I of the ADA expressly adopts the statutory remedies scheme of Title VII).

The Court orders Plaintiff to show cause why those claims should not be dismissed as barred by the statutes of limitations.

Discrimination and Retaliation Claims

Plaintiff asserts discrimination and retaliation claims based on his race, religion, national origin and disability. *See* Complaint at 4. The Complaint fails to state discrimination and

retaliation claims because there are no allegations that Plaintiff is a member of a protected class or is disabled within the meaning of the Americans with Disabilities Act, that he suffered an adverse employment action under circumstances giving rise to an inference of racial, religious or national origin discrimination or because of his disability, or that he engaged in protected opposition to discrimination and a causal connection existed between the protected activity and the adverse action. *See Bennett v. Windstream Communications, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2018) (to state a claim for employment discrimination a plaintiff must show "is a member of a protected class, [he] suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination"); *Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 989-990 (10th Cir. 2021) (to state a prima facie case for discrimination under the Americans with Disabilities Act, a plaintiff must show: "(1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job with or without accommodation, and (3) she suffered an adverse employment action because of her disability"); *Parker Excavating, Inc. v. Lafarge West, Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (to state a prima facie case of retaliation, a plaintiff must show that: "(1) [he] engaged in opposition to racial discrimination that is protected under the statute; (2) a reasonable person would have found the challenged action materially adverse; and (3) a causal connection existed between the protected activity and the adverse action").

RICO

Plaintiff asserts a racketeering claim pursuant to 18 U.S.C. § 1961 which provides definitions used in Chapter 96—Racketeer Influenced and Corrupt Organizations. *See* Complaint at 8. Because Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint as asserting a civil RICO claim pursuant to 18 U.S.C. § 1964(c) which provides that "[a]ny person

injured in his business or property by reason of a violation of section 1962 of this chapter [describing prohibited activities related to racketeering activity] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains." 18 U.S.C. § 1964(c).

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022).

The Complaint fails to state a civil RICO claim. The Complaint contains conclusory allegations that Defendants "operated ... with racketeering activities," "used coercion and intimidation," used "fraud, defamation, extortion, intimidation, harassment, discrimination, wrongful termination, and larceny to extract wealth in conjunction with their positions of power" and "are in violation of 18 U.S.C. § 1962(b)." Complaint at 34-35. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff does not clearly identify which racketeering activities listed in 18 U.S.C. § 1961(1) and which prohibited activities listed in 18 U.S.C. § 1962 Defendants allegedly committed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Plaintiff also does not allege that Defendants committed at least two racketeering acts within 10 years of each other or that Defendants' actions caused injury to Plaintiff's business or property. *See Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 885 (10th Cir. 2017) ("Section 1964(c)'s

>which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).  There are no allegations showing that Defendants are fiduciaries of an employee benefit plan as defined under the Employee Retirement Income Security Program, 29 U.S.C. §§ 1001 *et seq*.

The Complaint fails to state a claim pursuant to 41 U.S.C. § 6503, Breach or violation of required contract terms, which "applies in case of breach or violation of a representation or stipulation included in a contract" made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." 41 U.S.C. § 6503; 41 U.S.C. § 6502 (listing required contract terms).  The Complaint does not contain any factual allegations indicating that Defendants breached any contract terms in an applicable contract made by an agency of the United States.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 3617, Interference, coercion, or intimidation, which provides:

>It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of [the Fair Housing Act].

42 U.S.C. § 3617.  The Complaint does not contain any factual allegations showing that Defendants subjected Plaintiff to any discriminatory housing practice for which the Fair Housing Act provides a private cause of action.

The Complaint fails to state a claim pursuant to 29 C.F.R. § 1606.8, Harassment, which states "[a]n employer has an affirmative duty to maintain a working environment free of harassment on the basis of national origin."  29 C.F.R. § 1606.8(a).  Title VII of the Civil Rights

Act of 1964, as amended, protects individuals against employment discrimination; 29 C.F.R. § 1606.8 is a "guideline" regarding the scope of Title VII protection:

> Title VII of the Civil Rights Act of 1964, as amended, protects individuals against employment discrimination on the basis of race, color, religion, sex or national origin. The title VII principles of disparate treatment and adverse impact equally apply to national origin discrimination. These Guidelines apply to all entities covered by title VII (collectively referred to as "employer").

29 C.F.R. § 1606.2.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint. If Plaintiff files an amended complaint, the amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The

Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 7, 2023, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss his claims for the reasons stated above and file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
The Honorable Laura Fashing
United States Magistrate Judge