IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

      Plaintiff,

v.   No. 1:23-cv-00303-LF

COMPA INDUSTRIES INC.,
STRATIFY LLC,
EDNA LOUISA LOPEZ,
DANIEL ANTHONY JENSEN LOPEZ,
KAREN MONTY,
BRYANT BINGHAM,
ASHLEY CHENOT,
ALLEGRA HANSON, and
ARMANDO RENE LOPEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER
REGARDING APPOINTMENT OF COUNSEL, SERVICE,
AND ORDER FOR AMENDED COMPLAINT**

After filing an Amended Complaint pursuant to the Court's Order, Doc. 4, filed April 17, 2023 ("Order"), Plaintiff, who is proceeding *pro se*, filed six additional Amended Complaints and four motions.

**Motion to Appoint Counsel**

Plaintiff seeks appointment of counsel "to provide consultation and give advice concerning the complexity of this discrimination, personal injury, and RICO complaint and procedure." Motion Requesting Appointment of Counsel for a Limited Scope, Doc. 14, filed June 12, 2023. Plaintiff states "I believe I am entitled to redress and in the 'interest of justice' (NM Statute 32A-4-10) respectfully request an appointment of 'Limit Scope' of counsel to provide consultation and give advice."  Motion to Appoint Counsel at 1.  Section 32A-4-10 of the New Mexico Statutes,

which provides for the appointment of counsel for the parent, guardian or custodian of a child in an abuse or neglect proceeding, is not applicable to this Court.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's Motion to Appoint Counsel. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**Motions Regarding Service**

The Court previously notified Plaintiff, who is proceeding pursuant to 28 U.S.C. § 1915 that:

> Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").

> 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

Order at 8-9.

Plaintiff subsequently filed his Motion for Service which states: "The Summons[es] with their addresses are attached to this Motion's PDF." Doc. 16, filed June 12, 2023. The Court denies Plaintiff's Motion for Service because Plaintiff did not file the attachments with Defendants' addresses and because the Court is ordering Plaintiff to file another amended complaint. The Court will order service if: (i) Plaintiff files amended complaint in response to this Order that states a claim over which the Court has subject-matter jurisdiction and contains factual allegations that show the Court can assert personal jurisdiction over each non-resident Defendant; and (ii) files a motion for service which includes the address of each Defendant.

Plaintiff also filed a Motion for Extension of Time to Serve Defendants. *See* Doc. 18, filed July 2, 2023. The Court denies Plaintiff's Motion for Extension of Time to Serve Defendants because the Court will order service if and when appropriate as described in the previous paragraph.

**Order for Amended Complaint**

Plaintiff has filed seven Amended Complaints which range in length from 49 to 61 pages most of which are single-spaced. *See* Doc. 8, filed May 8, 2023; Doc. 9, filed May 11, 2023; Doc. 10, filed May 17, 2023; Doc. 11, filed May 29, 2023; Doc. 12, filed June 1, 2023; Doc. 13, filed June 12, 2023; Doc. 15, filed June 12, 2023. Plaintiff's Amended Complaints are difficult to understand because they are disorganized and contain allegations that appear to be irrelevant. While Fed. R. Civ. P. 8(a) only requires "a short and plain statement of the claim showing that the

3

pleader is entitled to relief," Plaintiff must "state [his] claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Furthermore, it appears that Plaintiff's Seventh Amended Complaint may not be a complete, stand-alone complaint, but instead only provides amendments to various sections of his original Complaint corresponding to the Court's comments in its Order to file an amended complaint. See Doc. 15-1 at 1 (stating "AMENDED SECTIONS Per Memorandum"). *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)).

The Court orders Plaintiff to file an amended complaint, double-spaced, not exceeding 35 pages, with numbered paragraphs. Because it appears Plaintiff may file additional amended complaints before he receives this Order, the amended complaint filed in response to this Order must clearly state on the first page "Amended Complaint Pursuant to the Court's Second Order for an Amended Complaint." If the amended complaint Plaintiff files in response to this Order asserts claims based on events or omissions that occurred prior to April 2020, Plaintiff must file a response showing why those claims are not barred by statutes of limitations. *See* Order at 3 (ordering Plaintiff to show cause why certain claims should not be dismissed as barred by the statutes of limitations).

Plaintiff stated that there are "9 Defendants in 5 states." Doc. 18 at 4. Plaintiff's amended complaint must contain factual allegations showing that the Court has personal jurisdiction over each Defendant. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

**Notice regarding Compliance with Rules of Civil Procedure and Court Orders**

The Court previously notified Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").
>
> Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Order at 9.

Plaintiff has filed seven Amended Complaints but did not comply with: (i) Rule 15 of the Federal Rules of Civil Procedure, which, for amendments after amending once as a matter of course, allows a party to amend it complaint only with the opposing party's written consent or the Court's leave, *see* Fed. R. Civ. P. 15(a)(2); and (ii) the District of New Mexico's Local Rule of Civil Procedure 15.1 which states: "A proposed amendment to a pleading must accompany the motion to amend," *see* D.N.M.LR-Civ. 15.1.

The Court notifies Plaintiff that failure to comply with Court Orders, the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure interferes with the judicial process and may result in sanctions including revocation of permission to file electronically, imposition of filing restrictions and dismissal of this case. The Court also reminds

Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure which the Court quoted in its previous Order. *See* Order at 9-10.

    **IT IS ORDERED** that:

(i)     Plaintiff's Motion Requesting Appointment of Counsel for a Limited Scope, Doc. 14, filed June 12, 2023, is **DENIED.**

(ii)     Plaintiff's Motion for Service, Doc. 16, filed June 12, 2023, is **DENIED without prejudice.**

(iii)     Plaintiff's Motion for Extension of Time to Serve Defendants, Doc. 18, filed July 2, 2023, is **DENIED.**

(iv)     Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. The amended complaint filed in response to this Order must: (i) clearly state on the first page "Amended Complaint Pursuant to the Court's Second Order for an Amended Complaint;" (ii) not exceed 35 pages, be double-spaced with numbered paragraphs; (iii) comply with all relevant Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure; and (iv) contain factual allegations that show the Court can assert personal jurisdiction over each Defendant. Failure to timely file an amended complaint may result in dismissal of this case.

                                                      _____
                                                     **UNITED STATES MAGISTRATE JUDGE**