## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

      Plaintiff,

vs.                                          No. CIV 23-0303 JB/LF

COMPA INDUSTRIES INC.; STRATIFY
LLC; EDNA LOUISA LOPEZ; DANIEL
ANTHONY JENSENLOPEZ; KAREN
MONTY; BRYANT BINGHAM; ASHLEY
CHENOT; ALLEGRA HANSON;
ALLEGRA HANSON PC and
ARMANDO RENE LOPEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Motion for Preliminary Injunction, filed June 12, 2023 (Doc. 17)("PI Motion"); (ii) the Plaintiff's Second Amended Complaint Pursuant to the Court's Second Order for an Amended Complaint, filed August 24, 2023 (Doc. 22)("Amended Complaint"); and (iii) the Plaintiff's Motion for Summons and Service, filed November 16, 2023 (Doc. 24)("Summons Motion"). Plaintiff Samuel Rene Lopez appears pro se. For the reasons set out below, the Court: (i) dismisses Lopez' federal law claims with prejudice for failure to state a claim; (ii) declines to exercise supplemental jurisdiction over Lopez' State law claims; (iii) denies the PI Motion; and (iv) denies Lopez' Motion for Summons and Service; and (v) dismisses this case.

## PROCEDURAL BACKGROUND

Lopez has filed eight Complaints in this case. See Complaint for Employment Discrimination, filed April 7, 2023 (Doc. 1)("Original Complaint"); Complaint for Employment

Discrimination, filed May 8, 2023 (Doc. 8); Complaint for Employment Discrimination, filed

May 11, 2023 (Doc. 9); Complaint for Employment Discrimination, filed May 17, 2023 (Doc.

10); Complaint for Employment Discrimination, filed May 29, 2023 (Doc. 11); Complaint for

Employment Discrimination, filed June 1, 2023 (Doc. 12); Complaint for Employment

Discrimination, filed June 12, 2023 (Doc. 13); Complaint for Employment Discrimination, filed

June 12, 2023 (Doc. 15).   After Lopez filed his Original Complaint, the Honorable Laura

Fashing, United States Magistrate Judge for the United States District Court for the District of

New Mexico, entered her Memorandum Opinion and Order Granting Motion to Proceed in

Forma Pauperis and Order to Show Cause and for Amended Complaint, filed April 17, 2023

(Doc. 4)("First Order for Amended Complaint").   In the Original Complaint, Lopez asserts

discrimination and retaliation claims based on his race, religion, national origin and disability.

See Original Complaint at 4.

    **1.**    **First Order for Amended Complaint.**

In the First Order for Amended Complaint, Magistrate Judge Fashing notifies Lopez:

> The Complaint fails to state discrimination and retaliation claims because
> there are no allegations that Plaintiff is a member of a protected class or is
> disabled within the meaning of the Americans with Disabilities Act, that he
> suffered an adverse employment action under circumstances giving rise to an
> inference of racial, religious or national origin discrimination or because of his
> disability, or that he engaged in protected opposition to discrimination and a
> causal connection existed between the protected activity and the adverse action.
> *See Bennett v. Windstream Communications, Inc.*, 792 F.3d 1261, 1266 (10th Cir.
> 2018) (to state a claim for employment discrimination a plaintiff must show "is a
> member of a protected class, [he] suffered an adverse employment action, and the
> challenged action occurred under circumstances giving rise to an inference of
> discrimination"); *Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 989-
> 990 (10th Cir. 2021) (to state a prima facie case for discrimination under the
> Americans with Disabilities Act, a plaintiff must show: "(1) she is disabled within
> the meaning of the ADA, (2) she is qualified to perform the essential functions of
> the job with or without accommodation, and (3) she suffered an adverse
> employment action because of her disability"); *Parker Excavating, Inc. v. Lafarge
> West, Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (to state a prima facie case of

retaliation, a plaintiff must show that: "(1) [he] engaged in opposition to racial discrimination that is protected under the statute; (2) a reasonable person would have found the challenged action materially adverse; and (3) a causal connection existed between the protected activity and the adverse action").

First Order for Amended Complaint at 3-4.

In the Original Complaint, Lopez asserts a racketeering claim pursuant to 18 U.S.C. § 1961.  See Original Complaint at 8.  Magistrate Judge Fashing states:

> Plaintiff asserts a racketeering claim pursuant to 18 U.S.C. § 1961 which provides definitions used in Chapter 96 -- Racketeer Influenced and Corrupt Organizations.  *See* Complaint at 8.  Because Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint as asserting a civil RICO claim pursuant to 18 U.S.C. § 1964(c) which provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [describing prohibited activities related to racketeering activity] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains."  18 U.S.C. § 1964(c).
>
> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

*Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022).

> The Complaint fails to state a civil RICO claim.  The Complaint contains conclusory allegations that Defendants "operated . . . with racketeering activities," "used coercion and intimidation," used "fraud, defamation, extortion, intimidation, harassment, discrimination, wrongful termination, and larceny to extract wealth in conjunction with their positions of power" and "are in violation of 18 U.S.C. § 1962(b)."  Complaint at 34-35.  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
>
> Plaintiff does not clearly identify which racketeering activities listed in 18 U.S.C. § 1961(1) and which prohibited activities listed in 18 U.S.C. § 1962 Defendants allegedly committed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").  Plaintiff also does not allege that

Defendants committed at least two racketeering acts within 10 years of each other or that Defendants' actions caused injury to Plaintiff's business or property.  *See Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 885 (10th Cir. 2017) ("Section 1964(c)'s reference to injury to 'business or property' . . . cabin[s] RICO's private cause of action to particular kinds of injury -- excluding, for example, personal injuries").

First Order for Amended Complaint at 4-6.

Lopez' Original Complaint asserts claims pursuant to the following statutes: (i) 18 U.S.C. § 241, Conspiracy against rights; (ii) 18 U.S.C. § 351, Congressional, Cabinet, and Supreme Court assassination, kidnapping, and assault; (iii) 18 U.S.C. § 873, Blackmail; (iv) 18 U.S.C. § 1001, Statements or entries generally; (v) 10 U.S.C. § 921.121, Larceny and wrongful appropriation.  See Original Complaint at 8.  Magistrate Judge Fashing notifies Lopez:

These statutes are criminal statutes which set forth punishments for violation of those statutes.  The Complaint fails to state claims pursuant to those statutes because "criminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 F. App'x 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

First Order for Amended Complaint at 6.  Magistrate Judge Fashing also notifies Lopez that:

The Complaint fails to state a claim pursuant to 28 U.S.C. § 4101, Definitions, which sets forth definitions of terms regarding final judgments rendered by a court of a foreign country.

. . . .

The Complaint fails to state a claim pursuant to 42 U.S.C. § 3617, Interference, coercion, or intimidation, which provides:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of [the Fair Housing Act].

- 4 -

42 U.S.C. § 3617. The Complaint does not contain any factual allegations showing that Defendants subjected Plaintiff to any discriminatory housing practice for which the Fair Housing Act provides a private cause of action.

First Order for Amended Complaint at 6-7. Finally, as to the statute of limitations, Magistrate

Judge Fashing notifies Lopez:

> It appears that many of Plaintiff's state-law claims are barred by the statutes of limitations because they are based on conduct that occurred prior to April 2020. *See* N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"). The Complaint does not contain factual allegations showing that Plaintiff timely filed his discrimination charges pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the ADA. *See* 42 U.S.C. § 2000e-5 (discussing time for filing charges for unlawful employment practices pursuant to Title VII); 42 U.S.C. § 2000e-5 (Title I of the ADA expressly adopts the statutory remedies scheme of Title VII).

First Order for Amended Complaint at 3.

## 2.   <u>**Second Order for Amended Complaint**</u>.

After Lopez filed seven amended complaints, Magistrate Judge Fashing ordered Lopez

to file an amended complaint, double-spaced, not exceeding 35 pages, with numbered paragraphs. Because it appears Plaintiff may file additional amended complaints before he receives this Order, the amended complaint filed in response to this Order must clearly state on the first page "Amended Complaint Pursuant to the Court's Second Order for an Amended Complaint." If the amended complaint Plaintiff files in response to this Order asserts claims based on events or omissions that occurred prior to April 2020, Plaintiff must file a response showing why those claims are not barred by statutes of limitations. *See* Order at 3 (ordering Plaintiff to show cause why certain claims should not be dismissed as barred by the statutes of limitations).

> Plaintiff stated that there are "9 Defendants in 5 states." Doc. 18 at 4. Plaintiff's amended complaint must contain factual allegations showing that the Court has personal jurisdiction over each Defendant. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020)(plaintiff bears burden of establishing personal jurisdiction).

Memorandum Opinion and Order Regarding Appointment of Counsel, Service, and Order for Amended Complaint at 4-5, filed August 4, 2023 (Doc. 21)("Second Order for Amended Complaint").  Magistrate Judge Fashing also notifies Lopez:

> While Fed. R. Civ. P. 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiff must "state [his] claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Second Order for Amended Complaint at 3-4.

### 3.    Subsequent Filings.

Before filing his Amended Complaint, Lopez filed the PI Motion.  See PI Motion at 1. Lopez then filed additional amended complaints twice on the same day.  See Amended Complaint at 1; Amended Complaint Pursuant to the Court's Second Order for an Amended Complaint, filed August 24, 2023 (Doc. 23).  After filing his Amended Complaint, Lopez filed the Summons Motion. See Summons Motion at 1.  Lopez subsequently file two additional amended complaints.  See Amended Complaint Pursuant to the Court's Second Order for an Amended Complaint, filed December 26, 2023 (Doc. 25); Amended Complaint Pursuant to the Court's Second Order for an Amended Complaint, filed January 2, 2024 (Doc. 26).

Lopez also filed three documents titled "Affidavit/Declaration of Truth," which appear to be identical.  Affidavit/Declaration of Truth, filed January 8, 2024 (Doc. 17)("First Affidavit"); Affidavit/Declaration of Truth, filed January 9, 2024 (Doc. 29)("Second Affidavit"); Affidavit/Declaration of Truth, filed January 10, 2024 (Doc. 28)("Third Affidavit").  Lopez addresses each Affidavit to Magistrate Judge Fashing.  The docket entries indicate the First

Affidavit pertains to "Chief Judge William P. Johnson," the Second Affidavit pertains to

"District Judge James O. Browning," and the Third Affidavit pertains to "Magistrate Judge

Laura Fashing."  Lopez describes the dates on which he has filed documents in this case and

states that "I am only left to conclude that you are denying my God-given Constitutional Rights

based on my self representation (Pro Se/Sui Juris)," because the Court has not issued

summonses.  First Affidavit at 4; Second Affidavit at 4; Third Affidavit at 4.  Magistrate Judge

Fashing previously notified Lopez, who is proceeding pursuant to 28 U.S.C. § 1915, that:

> Section 1915 provides that the "officers of the court shall issue and
> serve all process, and perform all duties in [proceedings *in forma
> pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service
> at this time because the Court is ordering Plaintiff to file an
> amended complaint. The Court will order service if: (i) Plaintiff
> files an amended complaint that states a claim over which the
> Court has subject-matter jurisdiction; and (ii) files a motion for
> service which includes the address of each Defendant.

Order at 8-9.

> Plaintiff subsequently filed his Motion for Service which states: "The
> Summons[es] with their addresses are attached to this Motion's PDF." Doc. 16,
> filed June 12, 2023. The Court denies Plaintiff's Motion for Service because
> Plaintiff did not file the attachments with Defendants' addresses and because the
> Court is ordering Plaintiff to file another amended complaint. The Court will
> order service if: (i) Plaintiff files amended complaint in response to this Order that
> states a claim over which the Court has subject-matter jurisdiction and contains
> factual allegations that show the Court can assert personal jurisdiction over each
> non-resident Defendant; and (ii) files a motion for service which includes the
> address of each Defendant.

> Plaintiff also filed a Motion for Extension of Time to Serve Defendants.
> *See* Doc. 18, filed July 2, 2023. The Court denies Plaintiff's Motion for Extension
> of Time to Serve Defendants because the Court will order service if and when
> appropriate as described in the previous paragraph.

Second Order for Amended Complaint at 2-3.

### 4.   **Amended Complaint.**

In the Amended Complaint, Lopez asserts claims pursuant to:

> Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Genetic Information Nondiscrimination Act of 2008, 10 USC § 921.121, 18 USC § 241, 18 USC § 873, 18 USC § 875, 18 USC § 1001, 18 USC § 1341, 18 USC § 1343, 18 U.S.C. §§ 1961 to 1968 ("Civil RICO"), 18 USC § 4101, 42 USC § 3617. And to the New Mexico Statutes: § 30-3A-2, § 30-3-4, § 30-16-1, § 30-16-6, § 30-16-9, § 30-20-12, § 30-24-3, § 30-28-2, § 30-42-1 through 6, § 37-1-3, § 37-1-4, § 55-3-307, § 41-2-1, and § 41-7-1.

Amended Complaint at 1-2.  Lopez also asserts claims pursuant Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).  See Amended Complaint at 1.  Lopez alleges that he was "discriminated against, harassed, abused among other crimes and wrongfully terminated in retaliation for standing up for my rights and refusing to be extorted for labor and services" while at COMPA Industries.  Amended Complaint ¶ 16, at 5.  Lopez states

> My Race, Color, National Origin, and a religious background were used to discriminate against me.  Although Daniel Jensenlopez is my brother, he does not believe we share the same father. He has several recessive traits (lighter skin and eyes), was not given my father's name for a middle name at birth like the rest, is the only brother to refer to our last name as a 'slave name,' and also changed his last name upon marriage; taking his wife's and merging ours to the end (Jensenlopez).  She has confirmed in the past that this was his idea, not hers.

Amended Complaint ¶ 17, at 5-6.  After relocating to the State of Washington, Lopez

> spent the first couple of months moving [his brother's] family in to a new house . . . . [Lopez' mother] Edna Lopez laughed that I was being treated as an 'sclavo' (slave in Spanish).  Sometimes [Lopez' brother] would joke that I did things "like a mexican," which I did not think was funny since I thought we  were full brothers . . . .  When I would try to get my raise . . . [Lopez' brother's lead accountant] would call me a "Jew" . . . .  It turns out that Lopez is a crypto-jewish name and I am part Sephardic and Ashkenazi From DNA analysis.  He tried this tactic again in October 19', when he tried to extort recruiting services from me. When I began to refuse the physical labor, her terminated me under fraudulent terms that I would find out about much later and confirmed in May 22'.

Amended Complaint ¶¶ 18-21, at 6.

Lopez also asserts claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12201-12213 ("ADA"), in his Amended Complaint and alleges:

> **ADA** -- In June 2010, I was involuntarily committed to UNMH Psychiatric Hospital for 10 days for a "suicide watch" when I was in fact drugged and in pursuit of a blood test to verify.  I believe Edna Lopez used this history against me to break my contract in 20/21', [sic] when I brought in the HUB Zone certification for Compa.  In one of our negotiations she told me she didn't have to honor the contract because I was "crazy." I believe her, Daniel and Armando used this as a pretext to steal and converse belongings while enjoying the smearing of my character to almost everyone we knew mutually, professional and personal. It is not only embarrassing and humiliating but it made social interactions awkward and sometimes disrespectful to say the least.

Amended Complaint at 1, 7, ¶ 22.  There are no factual allegations that Lopez is disabled within the ADA's meaning or that he suffered an adverse employment action because of his disability.  Lopez further asserts a claim pursuant to the Genetic Information Nondiscrimination Act ("GINA"), but does not provide a citation to the specific provision of the Act upon which Lopez bases his claim.  See Amended Complaint at 1, 7 ¶ 23.  Lopez alleges:

> **GINA** -- All of my living brothers have told me at one time or another that we have different fathers.  Edna Lopez has treated me much differently than them to a point beyond nepotism and toward sadism.  She was more physical in her punishment toward myself and my brother Michael, where she kneed us in the groin when growing up.

Amended Complaint at 7 ¶ 23.

In the amended complaint, Lopez includes detailed factual allegations "common to all RICO counts."  Amended Complaint at 8-14.  Lopez also asserts claims pursuant to criminal statutes:  (i) 18 U.S.C. § 241.   Conspiracy against rights; (ii) 18 U.S.C. § 873.  Blackmail; (iii) 18 U.S.C. § 875.  Interstate Communications; (iv) 18 U.S.C. § 880.  Receiving the proceeds of extortion; (v) 18 U.S.C. § 1001. Statements or entries generally; (vi) 18 U.S.C. § 1341. Frauds and swindles; (vii) 18 U.S.C. § 1343. Fraud by wire, radio, or television; (viii) 42 U.S.C. § 3617; and (ix) 10 U.S.C. § 921.121, Larceny and wrongful appropriation.  See Amended Complaint at 1-2.   In addition, the Amended Complaint asserts claims pursuant to 28 U.S.C. § 4101. Definitions and 42 U.S.C. § 3617, Interference, coercion, or intimidation.  See Amended

Complaint at 1-2.  Finally, Lopez asserts claims pursuant to a number of New Mexico statutes.
See Amended Complaint at 2-29.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds
them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."
Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the
pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his]
failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and
sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935
F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant."
Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant
to comply with the fundamental requirements of the Federal Rules of Civil and Appellate
Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim
upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough
facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550
U.S. at 570.  A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it
appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
would entitle him to relief."  Fed. R. Civ. P. 12(b)(6).  While dismissal under rule 12(b)(6)
generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule
12(b)(6) is not an error if it is ""'patently obvious' that the plaintiff could not prevail on the facts
alleged, and allowing him an opportunity to amend his complaint would be futile.'"  Curley v.
Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110).

### LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted.  Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)).  "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ."  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948).

While a litigant need not be "absolutely destitute . . . [,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted).  While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars.  Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few

hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[1]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).  See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2).  The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. at 570.  In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an

---

[1]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00.  See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees.  Brewer's monthly income exceeded his monthly expenses by $242.00.  See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## ANALYSIS

Having carefully reviewed the Complaint, and the relevant law, the Court will: (i) dismiss Lopez's federal law claims with prejudice for failure to state a claim; (ii) decline to exercise supplement jurisdiction over Lopez' State law claims; (iii) deny Lopez' PI Motion; and (iv) deny Lopez' Motion for Summons and Service. The Amended Complaint does not state a claim pursuant to Title VII of the Civil Rights Act, because there are no factual allegations that Lopez suffered an adverse employment action under circumstances giving rise to an inference of racial, religious, or national origin discrimination, or that he engaged in protected opposition to discrimination, and that a causal connection exists between the protected activity and the adverse action. See Bennett v. Windstream Communications, Inc., 792 F.3d 1261, 1266 (10th Cir. 2018)(providing that, to state a claim for employment discrimination, a plaintiff must show "is a member of a protected class, [he] suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination"); Parker Excavating, Inc. v. Lafarge West, Inc., 863 F.3d 1213, 1220 (10th Cir. 2017)(recognizing that, to state a prima facie case of retaliation, a plaintiff must show that: "(1) [he] engaged in opposition to racial discrimination that is protected under the statute; (2) a reasonable person would have found the challenged action materially adverse; and (3) a causal connection existed between the protected activity and the adverse action").

The Amended Complaint does not state a claim pursuant to the ADA, because there are no factual allegations showing that Lopez is disabled within the ADA's meaning or that he suffered an adverse employment action because of his disability. See Edmonds-Radford v.

Southwest Airlines Co., 17 F.4th 975, 989-90 (10th Cir. 2021)(providing that, to state a prima facie case for discrimination under the ADA, a plaintiff must show: "(1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job with or without accommodation, and (3) she suffered an adverse employment action because of her disability").

The Amended Complaint does not state a claim pursuant to the GINA, because Lopez does not identify the specific provision of the GINA that he believes the Defendants violated. See Mann v. Boatwright, 477 F.3d 1140, 1148 (10th Cir. 2007)(holding that a plaintiff must "state [his] claims intelligibly so as to inform the defendants of the legal claims being asserted"). If Lopez is asserting claims pursuant to 42 U.S.C. § 2000ff-1, which prohibits employment discrimination on the basis of genetic information, the Amended Complaint fails to state a claim, because Lopez does not allege that any of the Defendants discriminated against Lopez with respect to his employment because of genetic information. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007)("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The Amended Complaint also fails to state a RICO claim, because it does not allege facts showing that each Defendant's conduct satisfied each element of a RICO claim. As the Tenth Circuit has noted:

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant '(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity.' George v. Urb. Settlement Servs., 833 F.3d 1242, 1248 (10th Cir. 2016). 'Racketeering activity' consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a 'pattern' requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).

Johnson v. Heath, 56 F.4th 851, 858 (10th Cir. 2022).  Furthermore, the Amended Complaint does not state claims pursuant to: (i) 18 U.S.C. § 241.  Conspiracy against rights; (ii) 18 U.S.C. § 873.  Blackmail; (iii) 18 U.S.C. § 875.  Interstate Communications; (iv) 18 U.S.C. § 880.  Receiving the proceeds of extortion; (v) 18 U.S.C. § 1001.  Statements or entries generally; (vi) 18 U.S.C. § 1341.  Frauds and swindles; (vii) 18 U.S.C. § 1343.  Fraud by wire, radio, or television; (viii) 42 U.S.C. § 3617; and (ix) 10 U.S.C. § 921.121, Larceny and wrongful appropriation, because these are criminal statutes which "do not provide for private civil causes of action."  Kelly v. Rockefeller, 69 F. App'x 414, 415-16 (10th Cir. 2003).  See Diamond v. Charles, 476 U.S. 54, 64 (1986)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

The Amended Complaint does not state a claim pursuant to 28 U.S.C. § 4101.  Definitions, because 28 U.S.C. § 4101 does not provided for private civil actions; rather, it sets forth definitions of terms regarding final judgments rendered by a court of a foreign country.  The Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 3617, Interference, coercion, or intimidation, because there are no allegations showing that Defendants subjected Plaintiff to any discriminatory housing practice for which the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"), provides a private cause of action.  42 U.S.C. § 3617 provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of [the FHA].

The Court declines to exercise supplemental jurisdiction over Lopez' State law claims, because the Court is dismissing Lopez' federal law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction.").  Accordingly, the Court will deny Lopez' Motion for Preliminary Injunction and Lopez' Motion for Summons and Service, because the Court is dismissing this case.

**IT IS ORDERED** that: (i) the Plaintiff's federal law claims in the Second Amended Complaint Pursuant to the Court's Second Order for an Amended Complaint, filed August 24, 2023 (Doc. 22), are dismissed with prejudice for failure to state a claim; (ii) the Plaintiff's State law claims are dismissed without prejudice; (iii) the Plaintiff's Motion for Preliminary Injunction, filed June 12, 2023 (Doc. 17), is denied; (iv) the Plaintiff's Motion for Summons and Service, filed November 16, 2023 (Doc. 24), is denied; and (v) this case is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Samuel Rene Lopez
Las Vegas, Nevada

      *Plaintiff pro se*